

**NUMBER 13-18-00465-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RAYMOND TRENT PETEREK,** **Appellant,**

**v.**

**MELISSA JEAN ALLISON,** **Appellee.**

---

**On appeal from the County Court at Law
of Aransas County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant Raymond Trent Peterek, proceeding pro se, attempted to perfect an appeal from an order entered by the County Court at Law of Aransas County, Texas in cause number A-15-7029-FL. The order denies Peterek's motion for default judgment.[1]

---

[1] Appellant has pursued other pro se appeals arising from this same trial court cause number. *See Peterek v. Allison*, No. 13-18-00157-CV, 2018 WL 2440531, at *1 (Tex. App.—Corpus Christi May 31, 2018, no pet.) (mem. op.) (dismissing an appeal of an order denying appellant's request for a

Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final appealable order and the appeal was not timely perfected. The Clerk of this Court notified appellant of these defects so that steps could be taken to correct the defects, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defects were not corrected within ten days from the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction. Appellant filed a response to the Clerk's notice. Appellant states that the district clerk and the court reporter will not forward anything that he has requested from the date he filed the notice of appeal and "[T]hey have responded that there is no judgment signed on 09/02/18, since I filed the notice of appeal, but this can be seen in the documents that I filed with my notice of appeal."

Generally, appeals may be taken only from final judgments. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588; *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

---

teleconference hearing on a motion for default judgment); *Peterek v. Allison*, No. 13-17-00542-CV, 2017 WL 4987150, at *1 (Tex. App.—Corpus Christi Nov. 2, 2017, pet. filed) (mem. op.) (dismissing an appeal of an order denying appellant's request for a teleconference); *Peterek v. Allison*, No. 13-16-00133-CV, 2016 WL 2956145, at *1 (Tex. App.—Corpus Christi May 19, 2016, no pet.) (mem. op. per curiam) (dismissing an appeal of a divorce decree as untimely).

The Court, having considered the documents on file and appellant's failure to correct the defects in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. The order at issue in this case is neither a final judgment nor an interlocutory appeal authorized by statute. Accordingly, the appeal is dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a),(c). All pending motions or requests for relief are likewise dismissed for want of jurisdiction.

NELDA V. RODRIGUEZ<br>
Justice

Delivered and filed the
18th day of October, 2018.